# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP, | Case No. 1:15-cv-0001-DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| DAVID POMAVILLE, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Anthony A. Sharp ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 29, 2014. He names David Pomaville, the Director of Administration for the Fresno County Department of Public Health, and Does as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 16, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at Coalinga State Hospital. The events at issue occurred while Plaintiff was detained in the Fresno County Jail. Plaintiff alleges that the Fresno County Department of Health was the medical provider at the time of the events.

In August 2013, Plaintiff was civilly detained at the Fresno County Jail. At that time, he suffered from severe pain, bleeding from his gums and severe headaches, all of which prevented him from eating. Plaintiff is a Type II diabetic who has to take his medication with food, but he

2

could not take his medication since he could not eat.

Plaintiff submitted numerous requests for emergency dental care to the Floor Nurse and complained repeatedly to the Sheriff's Deputies.

At approximately 1:00 p.m. on an unknown date,[2] Plaintiff was called to medical to see the nurse. Plaintiff explained the problem and the nurse looked into Plaintiff's mouth. The nurse told Plaintiff that she could see the problem, which was a "small piece" coming from the gum. ECF No. 1, at 5. The nurse told Plaintiff that she would put in a dental referral, but that it takes two to three weeks to be seen.

While waiting to be seen, Plaintiff experienced severe pain, bleeding and dizziness because of his low blood sugar. He wasn't given any medication for pain.

On another unknown date in 2013, another inmate submitted a dental request for a non-emergency. This inmate was seen the next day.

Plaintiff returned back to Coalinga State Hospital in September 2013, where he was seen and diagnosed with an exposed nerve. The nerve was removed successfully and Plaintiff has had no further dental issues since that time.

Based on these allegations, Plaintiff alleges that Defendant was deliberately indifferent when he failed to provide emergency dental treatment. He alleges that Defendant knew, or should have known, that he was suffering and that he was a diabetic who needed to eat so that he could take his medication.

**C.     DISCUSSION**

1.     Linkage

As noted above, to state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

---

[2] There are several blank spaces in his allegations where the month and day should be, i.e. "on _____ 2013." ECF No. 1, at 5.

3

Here, Plaintiff names Defendant Pomaville and Defendant Does, but he does not specifically link any Defendants to the actions at issue.

Insofar as he names Defendant Pomaville, the Director of Administration for the Fresno County Department of Public Health, he has not demonstrated that he was personally involved in the alleged denial of medical care, or that there was a sufficient causal connection between his conduct and the denial of medical care.  Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff therefore fails to state a claim against Defendant Pomaville.

2.      Municipal Liability

Plaintiff alleges that he is suing Defendant in his official capacity.  "An official capacity suit against a municipal officer is equivalent to a suit against the entity."  Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff's Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (citing Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985)).  Therefore, Plaintiff's official capacity claims against Defendant Pomaville is subject to dismissal as redundant, leaving Fresno County as the proper municipal Defendant.  Center for Bio-Ethical Reform, Inc., 533 F.3d at 799 (citation omitted).

However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has made no allegations to suggest that the denial of medical care was the result of a deliberate policy, practice or custom, and he therefore fails to state a claim against the Fresno County Department of Public Health.

3.      Medical Care

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.

1  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128
2  (9th Cir. 1998).

3        While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
4  care, the Eighth Amendment is violated only when a prison official acts with deliberate
5  indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.
6  2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.
7  2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,
8  1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that
9  failure to treat [his] condition could result in further significant injury or the unnecessary and
10 wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately
11 indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).
12 Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain
13 or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122
14 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which
15 entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks
16 omitted); Wilhelm, 680 F.3d at 1122.

17       Plaintiff's medical claim is based on his belief that the medical provider(s) failed to
18 provide emergency dental care. Plaintiff told the nurse about his situation, and she agreed that
19 Plaintiff needed dental care. However, she told Plaintiff that it would take two to three weeks
20 before he could be scheduled. Under these facts, the nurse examined Plaintiff and referred him to
21 a dentist for further treatment. The fact that it took longer than Plaintiff would have liked, without
22 more, does not state a claim for relief. Delay may demonstrate deliberate indifference, but there
23 must be facts to support a finding that the delay was something more than a scheduling issue.
24 Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations and quotation marks omitted).
25 Plaintiff suggests that the treatment was deliberately indifferent because an inmate with a non-
26 emergency issue was seen the next day, but this does not necessarily support an inference that
27 there was a questionable motive behind Plaintiff's treatment.
28

To the extent that Plaintiff indicates that he was not given pain medication, he does not provide sufficient facts to permit the Court to determine whether this constitutes deliberate indifference.

Plaintiff may ultimately be able to state a deliberate indifference claim, but he has not alleged sufficient facts to demonstrate that any Defendant acted with deliberate indifference.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint does not state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;

2.     The Clerk's Office shall send Plaintiff a complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff must

7

1 file an amended complaint curing the deficiencies identified by the Court in this
2 order;
3   4.   <u>If Plaintiff fails to comply with this order, this action will be dismissed, without
4 prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **May 29, 2015**                          /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE