# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP, | Case No. 1:15-cv-0001-DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| FRESNO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff Anthony A. Sharp ("Plaintiff"), a civil detainee, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 29, 2014. Pursuant to Court order, he filed a First Amended Complaint on June 19, 2015. He names the Fresno County Jail, the Fresno County Health Department and various Does as Defendants.[1]

**A.     SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 16, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at Coalinga State Hospital.  The events at issue occurred while Plaintiff was detained in the Fresno County Jail.

Plaintiff alleges that he arrived at the Fresno County Jail on March 15, 2013, from Coalinga State Hospital on a new criminal charge.  He was at Coalinga State Hospital due to a sex crime, and he was placed in a jail housing unit with violators and gang drop outs.  He was the only

2

sex offender in the unit, and Plaintiff believes that deputies treated other inmates better. Thus, when he made requests, most went unanswered.

When Plaintiff repeated his medical issue to the sick call nurse, explaining that he was bleeding badly, had headaches, could not sleep or eat and could not take his oral diabetes medication, she ignored the seriousness of the emergency. Plaintiff explained that without his medication, his blood sugar could drop. As a result, she allowed Plaintiff to suffer in pain for days.

When Plaintiff returned to Coalinga State Hospital, he immediately informed staff of his issue. Staff contacted dental and Plaintiff was seen the next day. A tooth and nerve that were coming through the gum were safely removed and Plaintiff was able to take his medications again.

**C.    DISCUSSION**

1.    Municipal Liability

Plaintiff names numerous variations of Fresno County entities, including Fresno County Jail Medical Services, the Fresno County Department of Public Health and the County itself.

As the Court explained previously, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's

3

deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

In his amended complaint, Plaintiff explains that Fresno County and the Fresno County Jail entered into a contract with the Fresno Public Health Department to provide all medical and dental services to inmates.  Plaintiff argues that pursuant to this contract, "each party is held to a higher standard and [is] liable for damages."  ECF No. 7, at 6.

However, regardless of the existence of the contract, these entities are part of Fresno County, and the requirements for stating a claim against a municipal entity apply.  Plaintiff makes no allegations that would sustain liability under Monell.  He does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by Fresno County.  In fact, Plaintiff alleges that he believes that other inmates were treated better than he was, suggesting that his experience was not the norm.  He also fails to allege that any omission on the part of Fresno County caused an employee to commit a constitutional violation.

Plaintiff was advised of this deficiency in the prior screening order, but he has failed to correct it.

2.      Medical Care

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment.  Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he told the sick call nurse of his dental issue and the potential impact on his diabetes, but she "ignored the seriousness or the emergency in which [his] sugar did drop."  ECF No. 7, at 3.  As a result, Plaintiff "suffered in pain for days with no cure."  ECF No. 7, at 3.

In amending, however, Plaintiff simply omitted key facts that the Court cited in the prior screening order.  In his original complaint, Plaintiff alleged that he told the nurse about his situation and she agreed that he needed dental care.  However, she told Plaintiff that it would take two to three weeks before he could be scheduled.  The Court explained that under these facts, the nurse examined Plaintiff and referred him to a dentist for further treatment.  "The fact that it took longer than Plaintiff would have liked, without more, does not state a claim for relief.  Delay may demonstrate deliberate indifference, but there must be facts to support a finding that the delay was something more than a scheduling issue.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations and quotation marks omitted)."  ECF No. 6, at 6.

Plaintiff has changed his allegations to suggest that the unnamed nurse "ignored the seriousness" of the issue, but he cannot omit prior factual allegations in an attempt to state a claim.  Plaintiff declared, under penalty of perjury, that the nurse agreed that he needed dental treatment

but told him that it took two to three weeks for appointments.  There is no indication that the delay was due to any deliberate indifference on the part of the nurse.

Plaintiff was informed of the deficiencies before, and he has not corrected them.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint does not state any cognizable claims against any Defendants.  Based on the nature of Plaintiff's amendments, further leave to amend is not warranted.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Accordingly, this action is DISMISSED WITHOUT LEAVE TO AMEND for Plaintiff's failure to state a claim for which relief may be granted.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                            /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE

6